CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 08 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JILL STINNETT, | ) |
| | ) Civil Action No. 7:16CV00241 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| NANCY BERRYHILL, Acting | ) |
| Commissioner of Social Security,[1] | ) By:  Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 et seq. Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Jill R. Stinnett, was born on January 14, 1966 and eventually completed the eleventh grade in school. Mrs. Stinnett worked in the early 1990s as a screen printer. Apparently, she has not worked on a regular basis since her work as a screen printer. The

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. See Social Security Act § 205(g), 42 U.S.C. § 405(g).

Commissioner found that, given the length of time since plaintiff's last regular work activity, she has no "past relevant work" for purposes of her claim for supplemental security income benefits. (TR 1012). See 20 C.F.R. § 416.965.

Mrs. Stinnett filed an application for supplemental security income benefits on August 27, 2007. Prior to that time, she had filed four other applications for disability insurance benefits. Indeed, by memorandum opinion and order entered March 21, 2003, this court affirmed the denial of one of plaintiff's earlier applications for disability insurance benefits and supplemental security income benefits. See Stinnett v. Barnhart, Civil Action No. 2:01CV00132, (Jones, J.). It seems that, during the period of time prior to the court's decision in that earlier case, Mrs. Stinnett applied for and received supplemental security income benefits on the basis of a somatoform disorder. According to the most recent administrative hearing decision, Mrs. Stinnett's earlier period of entitlement to SSI benefits "was ceased apparently when her husband died in 2004 and she began receiving benefits for their son, at which point her resources exceeded the amount for SSID eligibility." (TR 971). Presumably, Mrs. Stinnett filed her current application when her family's entitlement to benefits on her deceased husband's wage earner's account ended.

Mrs. Stinnett's most recent and current application was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated April 1, 2010, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that plaintiff suffers from severe impairments on the bases of degenerative disc disease, fibromyalgia, recent left knee injury, history of alcohol and drug abuse, tobacco abuse with shortness of breath, major depressive disorder with anxiety,

2

and a remote history of seizures and headaches. However, the Law Judge ruled that Mrs. Stinnett retains sufficient functional capacity to perform a limited range of light exertion. (TR 19-20). Given such a residual functional capacity, and after considering Mrs. Stinnett's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge held that plaintiff retains the capacity to perform several specific light work roles existing in significant number in the national economy. (TR 25). Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to supplemental security income benefits. See gen., 20 C.F.R. § 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Stinnett appealed to this court.

By memorandum opinion and order entered June 21, 2012, the court remanded plaintiff's case to the Commissioner for further consideration and development. The court found that there was substantial evidence to support the Law Judge's determination that plaintiff retains sufficient physical capacity to engage in light levels of work in which she is permitted to change position at will. However, the court determined that the Law Judge's assessment of plaintiff's nonexertional impairments, consisting of depression, anxiety, and somatoform disorder, was not supported by substantial evidence. The court noted that reports from two treating psychologists confirmed that Mrs. Stinnett experiences a significant level of emotional dysfunction. While the Law Judge had discounted both psychological reports, noting that one psychologist had only seen Mrs. Stinnett on two occasions, the court found that the reports were essentially consistent. The court went on to summarize the psychological evidence as follows:

3

> Dr. Douglas Keffer submitted reports covering his treatment of plaintiff from May 16, 2006 to March 5, 2008. Based on his clinical evaluation, Dr. Keffer diagnosed adjustment disorder with anxiety and depressed mood. At the time of his initial examination, Dr. Keffer noted a GAF of 42, with highest GAF in the past year as 45. Dr. Keffer's treatment notes indicate that Mrs. Stinnett experienced significant fluctuation in her symptomatology. At the time of his last clinical note on December 11, 2007, Dr. Keffer noted that plaintiff's overall condition was "about the same." (TR 368). Mrs. Stinnett ceased treating with Dr. Keffer because she could no longer afford his services.
>
> About two years later, on January 12, 2010, Mrs. Stinnett saw Dr. Lola Byrd, another psychologist. At the time of initial interview, Dr. Byrd performed several psychological tests. A Beck Depression Inventory revealed a moderate level of depression. Based on the tests, and her own clinical observation, Dr. Byrd diagnosed recurrent major depression, moderate severity, and panic disorder. Dr. Byrd noted a GAF of 65. On February 16, 2010, Dr. Byrd completed a medical assessment of plaintiff's mental ability for work-related activities. Dr. Byrd noted limited to seriously limited capacity for most work-related emotional functions. She estimated that plaintiff's emotional difficulties would cause her to be absent from work more than three times per month. (TR 489). As previously noted, when asked to consider the impact of Dr. Byrd's psychological findings, the vocational expert indicated that such limitations would render Mrs. Stinnett disabled for all forms of work.

Stinnett v. Astrue, Civil Action No. 7:11CV00282, 2012 WL 2367186, at *3 (W.D. Va. June 21, 2012)(footnotes omitted).

Given the psychological findings from two mental health specialists who actually saw and examined Mrs. Stinnett, the court concluded that the Law Judge's reliance on a mental health evaluation performed by a nonexamining state agency psychologist was not supported by substantial evidence, especially since that evaluation was completed before receipt of Dr. Byrd's psychological study. However, the court found that there was "good cause for remand," noting that Dr. Byrd's report left open the question as to whether Mrs. Stinnett's emotional dysfunction was permanent, or subject to appropriate treatment and control through a reasonable treatment regimen. The court remanded the case with the expectation that the Commissioner would collect

4

additional medical evidence, engage in further consideration, and address the deficiencies in the Administrative Law Judge's opinion.

Following the court's order of remand, the Commissioner assigned Mrs. Stinnett's case to a different Administrative Law Judge for a de novo hearing and review. Prior to the supplemental hearing, the state disability agency arranged for consultative examinations by Dr. Sung-Joon Cho, a physical medicine specialist, and by Dr. Roger DeLapp, a psychologist.[2] The Law Judge sent medial interrogatories to another psychologist, Dr. Gary Bennett, and Dr. Laurie Rennie, an internist. Both Dr. Bennett and Dr. Rennie conducted record reviews, though neither specialist actually examined Mrs. Stinnett. Following a supplemental administrative hearing on December 17, 2012, the second Law Judge produced an opinion on August 29, 2013. The Law Judge determined that Mrs. Stinnett suffers from a combination of severe impairments, including obesity; degenerative disc disease; fibromyalgia; left knee injury status-post 2010 left knee arthroscopy; hypertension; major depressive disorder; anxiety and history of panic; pain disorder with psychological factors and history of chronic opioid use; tobacco abuse with shortness of breath; and headaches. (TR 972). Despite this combination of impairments, the Law Judge determined that Mrs. Stinnett retains sufficient functional capacity for unskilled, sedentary work activity. Given such a residual functional capacity, and after consideration of plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge ruled that plaintiff retains sufficient functional capacity to perform several specific sedentary work roles existing in significant number in the national economy. (TR 1169).

---

[2] While Dr. DeLapp conducted a clinical examination, the psychologist did not report receipt or consideration of the earlier psychological evaluations of Dr. Keffer and Dr. Byrd.

5

Accordingly, the Law Judge concluded that Mrs. Stinnett is not entitled to supplemental security income benefits. See gen., 20 C.F.R. § 416.920(g).

Mrs. Stinnett again sought review of the unfavorable decision by the Social Security Administration's Appeals Council. On June 17, 2014, the Appeals Council remanded the case to the same Administrative Law Judge for further proceedings. (TR 1183-87). Stated succinctly, the Appeals Council determined that the Law Judge failed to properly evaluate certain of the physical limitations identified by Dr. Rennie. (TR 1186). The Appeals Council also noted that the Law Judge did not account for certain of Dr. Cho's findings in the hypothetical presented to the vocational expert at the administrative hearing. (TR 1186). Finally, and perhaps most importantly, the Appeals Council observed that the Law Judge did not provide any rationale for rejecting Dr. Byrd's earlier psychological report, in which it was noted that plaintiff would be absent from work more than three times per month. (TR 1186).

Following additional administrative proceedings, including yet another administrative hearing and post-hearing medical interrogatory responses from Dr. Louis Fuchs, the Administrative Law Judge produced another opinion on April 3, 2015. (TR 971-1014). As might be suggested by the length of the opinion, the Law Judge undertook an extremely detailed and thorough evaluation of all of the medical evidence of record. Noting that his earlier opinion had been remanded but not vacated, the Administrative Law Judge apparently adopted his earlier findings as to plaintiff's "severe impairments." (TR 975). Relying largely on the interrogatory responses of Dr. Rennie and Dr. Fuchs, the Law Judge determined that plaintiff retains sufficient physical capacity to engage in a limited range of sedentary exertion. (TR 1003). The Law Judge went on to assess Mrs. Stinnett's residual functional capacity as follows:

6

> Beginning July 1, 2007, through at least the date of this decision, I hold that, due to the combination of her impairments, the claimant has retained the exertional residual functional capacity to lift and/or carry up to 10 pounds continuously and up to 20 pounds frequently. She can sit a total of eight hours in an eight hour workday for one hour at a time, stand a total of three hours for one hour at a time, and walk a total of three hours for one hour at a time. She does not require the use of a cane to ambulate. She can continuously perform reaching with the right hand and left hand, including overhead reaching, and frequently perform handling, fingering, feeling, pushing/pulling with the right and left hand. She can occasionally operate foot controls with the right foot and left foot. She can frequently climb ramps and stairs, but no ladders, ropes, or scaffolding. She can frequently balance, and occasionally stoop, kneel, crouch, and crawl. She must avoid exposure to extremes of cold, heat, and vibrations. She can tolerate occasional exposure to humidity or wetness, frequently operate a motor vehicle, and can tolerate continuous exposure to unprotected heights and moving mechanical parts. Her mental impairments limit her to performing simple, one-two step repetitive types of tasks in a work setting in which she is not required to meet demand for high production quotas, and she retains the capacity for only limited contact with the general public (e.g., no close interactions), and occasional contact with co-workers and supervisors.

(TR 1003). Give such a residual functional capacity, and after considering plaintiff's age, education, and lack of any real work experience, and based on testimony from a vocational expert, the Law Judge determined that plaintiff retains sufficient functional capacity to engage in several specific sedentary work roles existing in significant number in the national economy. (TR 1013-14). Accordingly, the Law Judge again concluded that Mrs. Stinnett is not disabled, and that she is not entitled to supplemental security income benefits. (TR 1014). See gen., 20 C.F.R. § 416.920(g). On this occasion, the Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Stinnett has again appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment.

7

See 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the extensive administrative record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. The court believes that the Law Judge reasonably relied on the reports and record reviews of Dr. Cho, Dr. Rennie, and Dr. Fuchs in determining that plaintiff possesses residual, physical capacity for a very limited range of sedentary exertion.[3] However, the court is unable to conclude that the record supports the Law Judge's assessment of plaintiff's nonexertional impairments. As previously noted, upon its initial review, the court remanded this case to the Commissioner for further consideration of the psychological reports from Dr. Keffer and Dr. Byrd. In so doing, the court suggested further development of the record, including procurement of supplemental mental health evidence. Following the order of remand, the state disability agency arranged for a clinical psychological examination by Dr. Roger DeLapp. Dr. DeLapp essentially determined that Mrs. Stinnett could perform regular work activity, though he did not attempt to account for the limitations noted by the earlier, treating psychologists. (TR 1614-15). The Administrative Law Judge then arranged for a record review by another psychologist, Dr. Gary Bennett. Based

---

[3] In passing, the court notes that Dr. Fuchs made the rather remarkable finding that, while she is capable of sitting a total of 8 hours in an 8 hour work day, Mrs. Stinnett can only sit, stand, and walk for one hour each at a time because of her physical problems. (TR 2749).

8

on the psychological evidence now available, the court concludes that Mrs. Stinnett has met the burden of proof in establishing that her emotional difficulties, including pain syndrome, render her disabled for the sedentary levels of work for which she might otherwise be physically capable.

Dr. Keffer saw Mrs. Stinnett on 19 occasions between May 9, 2006 and December 11, 2007. The psychologist noted an initial diagnosis of adjustment disorder with anxiety and depressed mood. (TR 361). He considered her symptoms and degree of impairment to be serious. (TR 361). On January 12, 2010, plaintiff saw Dr. Byrd for additional psychological treatment. Dr. Byrd performed several psychological tests. Based on the testing results, and her own clinical observation, Dr. Byrd diagnosed recurrent major depression of moderate severity and panic disorder. (TR 479). The psychologist noted that plaintiff experiences difficulty with attention, concentration, and short term memory. (TR 487). The psychologist reported that plaintiff's impairments would result in absences from work more than three times per month. (TR 489).

Following the remand from the Appeals Council, the Administrative Law Judge attempted to schedule a new consultative mental health examination. (TR 1060). According to the Law Judge, the state disability agency declined to obtain a new consultative examination and report, and it was determined, instead, to refer the file to Dr. Gary Bennett, a psychologist, for a record review. (TR 1060). On March 31, 2013, Dr. Bennett completed his medical source statement of plaintiff's mental ability for work-related activities. Based on his review of the mental health evidence, Dr. Bennett opined that Mrs. Stinnett suffers from a pain disorder associated with both psychological factors and a general medical condition. (TR 2046). Dr.

9

Bennett agreed with Dr. DeLapp's assessment as to plaintiff's degree of impairment, noting moderate difficulty in concentration, persistence, or pace. (TR 2047). Dr. Bennett agreed that Mrs. Stinnett's "principal issues are pain-related." (TR 2048). The psychologist opined that "ability to complete a normal work day/week may be impaired." (TR 2045).

As set forth above, the Administrative Law Judge also arranged for a record review for Dr. Laurie S. Rennie. Dr. Rennie's physical assessment suggests residual functional capacity for a limited range of sedentary exertion. However, Dr. Rennie went on to point out that plaintiff's medical treatment may keep her out of work two times per month. (TR 2534).

As previously noted, in finding that Mrs. Stinnett retains sufficient capacity to perform several specific sedentary work roles, the Administrative Law Judge relied on testimony from a vocational expert. Given plaintiff's residual functional capacity as ultimately found by the Administrative Law Judge, the vocational expert testified to the effect that Mrs. Stinnett could be expected to perform several specific work roles. (TR 1034-36). However, when asked whether plaintiff could engage in substantial gainful activity if she finds it necessary to miss more than one day a week because of physical complaints, the vocational expert testified that no jobs would be available. (TR 1038-39). Moreover, when asked to consider the work-related limitations identified by Dr. Byrd, the vocational expert indicated that there would be no available work. (TR 1041-43). The vocational expert testified that the absenteeism described by Dr. Byrd "would not allow work." (TR 1043).

In summary, Mrs. Stinnett's application for supplemental security income benefits has been pending for over nine years. In the Commissioner's most recent final decision, it was determined that plaintiff has the physical capacity to perform only a very narrow range of

10

sedentary exertion. Indeed, Dr. Fuchs, who examined plaintiff at the behest of the state disability agency, specifically found that she is unable to sit, stand, or walk for more than one hour each at a single time. Moreover, two treating psychologists have determined that Mrs. Stinnett experiences significant emotional dysfunction, associated with depression and chronic pain syndrome. In a recent record review commissioned by the state disability agency, a consultative psychologist reported that plaintiff experiences moderate limitations in concentration, persistence, and pace.[4] Moreover, Dr. Byrd's psychological report, as well as the physical assessment provided by Dr. Rennie at the behest of the state disability agency, indicate that Mrs. Stinnett is likely to miss several days of work each month because of her medical problems. The vocational expert explicitly testified that there would be no jobs available for Mrs. Stinnett if she is subject to regular absenteeism. Considering all of these circumstances, the court concludes that plaintiff has met the burden of proof in establishing total disability for all forms of substantial gainful employment.

For the reasons stated, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Defendant's motion for summary judgment must therefore be denied. Upon the finding that plaintiff has met the burden of proof as prescribed by and pursuant to the Act in establishing disability for all forms of substantial gainful employment, judgment will be entered in favor of the plaintiff. The Commissioner's final decision denying supplemental security income benefits will be reversed to the extent that the

---

[4] While plaintiff argues that the Commissioner's final decision should be remanded based on the Law Judge's failure to include moderate limitations in concentration, persistence, and pace in the hypothetical question posed to the vocational expert, see Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015), the court finds further remand to be unnecessary, given that the court has determined that plaintiff met her burden of proof based on the psychological evidence already of record.

11

denial was based on the finding that plaintiff is not disabled. However, since the Commissioner has apparently not considered whether plaintiff meets the financial eligibility requirements under the SSI Benefit Program, the court must remand the case to the Commissioner for an appropriate determination. An order and Judgment in conformity will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This ____8th____ day of February, 2017.

*/s/ Glen Conrad*
Chief United States District Judge